MILLER v. FENTON et al. (No. 2051.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 19, 1918.)

1. REPLEVIN &#8258;60—PLEADING.

To entitle one to recover in replevin, he must allege either that defendant wrongfully deprived him of possession of property, or that he wrongfully withholds possession from plaintiff.

2. PLEADING &#8258;212—DEMURRER—WAIVER—DUTY OF COURT.

Where petition in replevin action did not allege that defendant wrongfully deprived plaintiff of possession, or wrongfully withheld possession of the property, and defendant's answer contained a general demurrer, it was duty of court of its own motion, if demurrer was not called to its attention, to hold that petition did not state cause of action.

3. HUSBAND AND WIFE &#8258;257—COMMUNITY PROPERTY.

Where wife bought ginning machinery, paid for it out of her separate estate, sold one-half interest to a son, and then repurchased the half interest, paying for it out of money earned by operating the mill, the half interest which she repurchased became a part of the community estate between her and her husband, under Vernon's Sayles' Ann. Civ. St. 1914, arts. 4621, 4622.

4. TENANCY IN COMMON &#8258;38(2) — ACTIONS BETWEEN TENANTS—POSSESSION.

Where a part owner wrongfully withheld personal property, another part owner could not bring action for the property, but should sue for a partition thereof.

5. COURTS &#8258;163—COUNTY COURTS—JURISDICTION.

The county court has no jurisdiction of an action to recover or partition real property.

Appeal from Upshur County Court; W. H. McClelland, Judge.

Action by Mrs. Dora Belle Fenton and another against J. L. Miller. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

In 1907 appellee Mrs. Dora Belle Fenton, a married woman, purchased certain mill and gin machinery of one Jones, paying him $1,-000 therefor out of her separate estate and agreeing to pay him $400 more in accordance with the terms of her two promissory notes for $200 each which she then made and delivered to him. She afterwards sold an undivided one-half interest in the property to her son J. R. Fenton in consideration of his undertaking to pay said notes and operate the mill and gin on their joint account. Thereafterwards J. R. Fenton built a ginhouse, into which, it seems, he moved the machinery, and where, it seems, he operated the mill and gin during the seasons of 1908, 1909, and 1910. It does not appear from the record sent to this court whether the house was built on land belonging to J. R. Fenton, or to his mother, or to her husband, or to some other person, nor whether it was attached to the land otherwise than by its own weight, nor whether it was placed on the land with or without an agreement as to its removal, etc. In 1910 J. R. Fenton sold the interest he had acquired in the machinery and ginhouse back to his mother for $400, $247 of which she then paid to him with money acquired by her in the operation of the gin and mill, and the remainder of which had not been paid to said J. R. Fenton at the date of the trial, to wit, May 31, 1918. When she purchased the interest of J. R. Fenton, Mrs. Fenton placed another one of her sons in charge of the property and thereafterwards to the date of the trial, it seems continued to operate the mill and gin. March 22, 1918, the sheriff of Upshur county levied upon the mill and gin machinery by virtue of an execution on a judgment in favor of appellant against appellee R. Fenton, who was Mrs. Dora Belle Fenton's husband. April 24, 1918, said sheriff, by virtue of another execution on said judgment, levied upon the ginhouse. At sales made under the executions appellant was the purchaser of said machinery and ginhouse. This suit was by Mrs. Fenton, joined by her said husband, against appellant. She alleged that she was the owner of the machinery and ginhouse at the times the executions were respectively levied as stated, and that the

levy thereon and sale thereof by the sheriff therefore was unlawful. She did not allege that she was not herself in possession of the property at the time she commenced her suit, nor did she allege that appellant then, or ever, was in possession thereof. She prayed judgment for the property, or, in the alternative, for its value, which she alleged to be $900. Appellant's answer consisted of a general demurrer, a general denial and a special plea that the property belonged to the community estate between Mrs. Fenton and R. Fenton, and therefore was subject to seizure and sale for the purpose of satisfying his (appellant's) judgment against said R. Fenton. The trial was by the court without a jury, and he found the facts to be as we have stated them. There is no statement of facts with the record sent to this court. The appeal is from a judgment in favor of Mrs. Fenton for the property in controversy.

T. H. Briggs, of Gilmer, for appellant.
Briggs & Florence, of Gilmer, for appellees.

WILLSON, C. J. (after stating the facts as above). The judgment is fundamentally wrong, because not warranted by either Mrs. Fenton's pleadings or the facts found by the trial court.

[1,2] To entitle her to recover, as she did, Mrs. Fenton must have alleged, and she did not, either that appellant had wrongfully deprived her of the possession of the property, or that he then wrongfully withheld possession thereof from her. 14 Cyc. 258, 265; 34 Cyc. 1386, 1464; 38 Cyc. 2044, 2068. For anything to the contrary appearing in the pleadings, appellant was never in possession of the property, and Mrs. Fenton was herself in possession thereof at the time she commenced her suit. The general demurrer in appellant's answer, if called to the attention of the court, should have been sustained; and if it was not called to his attention, the court should of his own motion have held that the petition did not state a cause of action.

[3, 4] As shown in the statement above, the court found that Mrs. Fenton repurchased of J. R. Fenton the half interest she sold him in the property, agreeing to pay him therefor $400; that of that amount she paid him $247 with money earned by operating the mill and gin; and that the remainder of said $400 remained unpaid at the date of the trial. The effect of those findings was to show that the half interest in the property owned by J. R. Fenton became a part of the community estate between Mrs. Fenton and her husband, R. Fenton. Vernon's Statutes, arts. 4621, 4622; Bank v. McWhorter, 179 S. W. 1147; Epperson v. Jones, 65 Tex. 425; Short v. Short, 12 Tex. Civ. App. 86, 33 S. W. 682. Such being the legal effect of the facts found by the court, of course he erred when he ren-

dered judgment in favor of Mrs. Fenton for all the property. According to those findings, she at most owned only an undivided one-half interest in it. Assuming the facts to be as the court found them to be, Mrs. Fenton's suit should not have been for the property, but should, instead, have been for a partition thereof.

[5] The judgment will be reversed, and the cause will be remanded for such further proceedings in the court below as the facts warrant. With reference to such proceedings attention is called to the fact that it does not affirmatively appear from the pleadings of the parties or the findings of the court whether the ginhouse in controversy was personal or real property. 19 Cyc. 1036, 1047. The inference from the description of the property as a "house" probably is that it was real property, in which event, of course, the county court was without power to hear and determine its ownership, or to partition it.