FENTON et al. v. MILLER.    (No. 2203.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 8, 1920.)

1. FRAUDULENT CONVEYANCES ⬅208 — VOLUNTARY GIFT TO WIFE NOT VOID AS TO SUBSEQUENT CREDITORS.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 3967, a husband's gift to his wife, merely because without consideration and voluntary, is not void as to subsequent creditors.

2. APPEAL AND ERROR ⬅910—LEGALITY OF GIFT TO WIFE PRESUMED TO UPHOLD JUDGMENT.

In the absence of contrary facts found by the trial court, the Court of Civil Appeals must indulge the presumption that a gift of property, including land from plaintiff husband to plaintiff wife, attacked by defendant, was made in compliance with law, and was not by parol.

Appeal from Upshur County Court; D. Walker, Judge.

Suit by Dora Belle Fenton and another against J. L. Miller. From judgment for defendant, plaintiffs appeal. Reversed, and judgment rendered in favor of plaintiff Dora Belle.

See, also, 207 S. W. 631.

The suit is by the appellant Mrs. Fenton, joined by her husband, to recover the possession, or, in the alternative, the value of the specifically described property in the petition. Mrs. Fenton claimed the property as her separate property. The appellee answered by denial, and pleaded that the property was the community property of Mrs. Fenton and her husband, and that it was subject to sale under execution for community debts. The trial was before the court without a jury, and findings of fact were made by the court, and judgment was entered, awarding Mrs. Fenton and the appellee each one-half of the property in suit. The court's findings are not challenged, and are therefore here adopted. The property is alleged by both the plaintiff and the defendant, and as well found by the court in point of fact, to be personal property of a value within the jurisdiction of the county court. The court made the findings of fact that: (1) One-half of the property in suit was bought and paid for by Mrs. Fenton with land inherited by her from her father's estate, and "that the one-half of the property purchased by Mrs. Fenton from her son was paid for out of the earnings of said gin and grist mill (the property in suit), and became the community property of Dora Belle Fenton and her husband, R. Fenton;" (2) that "R. Fenton gave to his wife, Dora Belle Fenton, whatever interest he had in and to said gin, gristmill, and house in 1912 or 1914;" (3) that "at the time of this gift the said R. Fenton owed eight or ten different parties;" and (4) that "the plaintiff R. Fenton became indebted to the defendant, J. L. Miller, on March 25, 1915, for a piano, giving two notes." R. L. Miller subsequently sued on the two notes, and under the judgment obtained against R. Fenton levied upon and sold under execution the property in suit as the property of R. Fenton, the husband. J. L. Miller became the purchaser under execution, and claims title to the property in suit in virtue of the execution sale. Mrs. Fenton claims title to the whole property as her separate property by virtue of the original purchase and the gift to her by her husband of the one-half found by the court to be community property. The appellee contended that the gift by the hus-

band was void because the husband at the time was indebted to various parties.

C. E. Florence, of Gilmer, for appellants.

T. H. Briggs and J. N. Aldridge, both of Gilmer, for appellee.

LEVY, J. (after stating the facts as above). [1,2] If the gift by the husband to the wife of the one-half of the property in suit was legal and not void, then the wife was entitled to recover all of the property instead of only one-half of the same. According to the court's findings of fact the gift to the wife was made "in 1912 or 1914," and according to the court's findings, "R. Fenton became indebted to the defendant, J. L. Miller, on March 25, 1915, for a piano, giving the said Miller two notes." The appellee therefore was a creditor subsequent to the time of the gift in evidence by the husband to the wife. Article 3967, Vernon's Sayles' Statutes, expressly provides that such gift shall not, because merely without consideration and voluntary, be void "as to subsequent creditors," as the appellee was. The appellee therefore cannot attack the gift on that ground. And while the court finds that at the time of the gift the husband "owed eight or ten different parties," there is no finding that the husband was insolvent at the time and could not pay the parties the amounts he owed them. It does not appear in the court's findings that the gift was parol; and therefore, in the absence of further facts, this court must indulge the presumption on appeal that the gift was made in compliance with the law. The opinion in case in 207 S. W. 631, did not involve the question of gift as here.

The judgment is reversed and here rendered in favor of the appellant Mrs. Fenton for title and possession of all the property in suit.