**Trellice Lynn, SCHULD, Appellant.**

v.

**Julius DEMBRINSKI, Jr., Samantha Louise Henson, and William Dale Pete, Appellees.**

**No. 05–99–00488–CV.**

Court of Appeals of Texas, Dallas.

March 17, 2000

---

Paul R. Leake, Boyd & Leake, Mesquite, for appellant.

Before Justices OVARD, MOSELEY, and ROACH.

## OPINION

JOHN R. ROACH, Justice.

In this dispute, Trellice Lynn Schuld appeals the trial court's order dismissing her suit against her siblings, Julius Dembrinski, Jr., Samantha Louise Henson, and William Dale Pete, to partition real property in Mesquite. In a single point of error, Schuld contends the trial court erred in sustaining Henson's plea that the statutory probate court had exclusive jurisdiction over the matter. For the reasons set forth below, we sustain the point of error, vacate the trial court's dismissal order, and order the case reinstated.

In August 1998, Schuld sued appellees in county court at law to partition a house and lot. In her petition, she alleged that she and appellees inherited interests in the property of their mother, De Anna Rae Pete, who died intestate in 1975. Schuld alleged that no administration or probate proceedings had been initiated since her mother's death, none were necessary or contemplated, and no debts were owed by her mother. At the time of her death, De Anna Rae Pete was married to Omar Gilbert Pete, and five children were born to or adopted by her.

Schuld alleged the value of the property to be $60,000 as well as the specific interest each sibling had in the property. Schuld asked the trial court to (1) determine the share of each of the joint owners, (2) determine the property is not susceptible to partition and order it sold for its market value, and (3) distribute the proceeds among the parties, after paying her expenses.

Henson filed an answer generally denying the allegations and raising the affirmative defenses of waiver, collateral estoppel, homestead, laches, and statute of limitations. Moreover, Henson filed a plea to the jurisdiction in which she asserted that the statutory probate court had exclusive jurisdiction over the matter for two reasons. First, she contended that Schuld's suit "is brought to determine heirship to property inherited through De Anna Pete...." Second, she asserted the proceeding "is affected by the outcome of the probate of the will of [De Anna Pete's] husband, Omar Pete."

In an affidavit attached to the plea, Henson asserted that she inherited the house from her father, Omar Pete, after his death in 1994. Attached to the plea was a copy of Omar Pete's will; in the will, Omar Pete devised the property to Henson. Henson also attached a September 16, 1996 order from the Dallas County Probate Court No. 1 admitting Omar Pete's will to probate as a muniment of title.

▉ The trial court ultimately sustained Henson's plea and dismissed Schuld's petition. Schuld timely appealed. The issue before this Court is whether the statutory probate court had exclusive jurisdiction over this matter. We conclude it did not.

Section 25.0003(e) of the Texas Government Code provides that, in a county that has a statutory probate court, a statutory probate court is the only county court created by statute with probate jurisdiction. TEX. GOV'T CODE ANN. § 25.0003(e) (Vernon Supp.2000). A statutory probate court in Dallas County has the general jurisdiction of a probate court as provided in section 25.0021. TEX. GOV'T CODE ANN. § 25.0595 (Vernon Supp.2000). Section 25.0021 provides that a probate court has the general jurisdiction as provided in the Texas Probate Code. TEX. GOV'T CODE ANN. § 25.0021 (Vernon 1988).

Pursuant to section 5 of the probate code, statutory probate courts have original probate jurisdiction over "all applications, petitions and motions regarding probate and administrations." TEX. PROB.CODE ANN. § 5(c) (Vernon Supp.2000). Further, all courts *exercising* original probate jurisdiction "shall have the power to hear all matters incident to an estate." TEX. PROB. CODE ANN. § 5(e) (Vernon Supp.2000). Matters incident to an estate include the determination of heirship and all actions for trial of title to land. *See* TEX. PROB. CODE ANN. § 5A (Vernon Supp.2000).

▉ However, a court empowered with probate jurisdiction may only exercise its probate jurisdiction over "matters incident to an estate" when a probate proceeding relating to such matter is already pending in that court. *Bailey v. Cherokee County Appraisal Dist.*, 862 S.W.2d 581, 585 (Tex.1993) (op. on reh'g). In other words, the pendency of a probate proceeding is a requisite for a court's exercise of jurisdiction over matters related to it. *See Goodman v. Summit at West Rim, Ltd.*, 952 S.W.2d 930, 933 (Tex.App.-Austin 1997, no pet.); *see also Pullen v. Swanson*, 667 S.W.2d 359, 363 (Tex.App.-Houston [14th Dist.] 1984, writ ref'd n.r.e.) (interpreting probate code to mean that statutory probate court has power to hear all matters incident to an estate "only in those instances where a probate proceeding, such as an administration of an estate, is actually pending in the court at the time suit is filed"). Where the record does not reveal that a probate proceeding was taking place or was pending when the instant suit was filed, section 5 of the probate code dealing with matters incident to an estate is not triggered. *Qualia v. Qualia*, 878 S.W.2d 339, 341 (Tex.App.-San Antonio 1994, writ denied) (op. on reh'g); *Sumaruk v. Todd*, 560 S.W.2d 141, 144 (Tex.Civ.App.-Tyler 1977, no writ).

This case involves two estates: (1) the estate of De Anna Rae Pete, who died intestate in 1975, and (2) the estate of Omar Gilbert Pete, who died leaving a will in 1994. With respect to De Anna Rae Pete, Henson argued to the trial court that Schuld's petition was an heirship proceed-

ing over which the probate court had exclusive jurisdiction. Schuld counters on appeal that there is no pending probate matter for which an heirship proceeding is "incident to" and the probate court therefore does not have exclusive jurisdiction. We need not decide whether the statutory probate court had exclusive jurisdiction over an heirship determination as either (1) a matter incident to an estate or (2) independent of any pending probate proceeding because we conclude this is not an heirship proceeding.

 A plea to the jurisdiction contests the trial court's authority to determine the subject matter of the cause of action. *See Texas Parks & Wildlife Dep't v. Garrett Place, Inc.*, 972 S.W.2d 140, 142 (Tex.App.-Dallas 1998, no pet.). In considering a plea to the jurisdiction, the trial court must look solely to the allegations in the plaintiff's petition. *Id.* Similarly, on appeal from an order granting a plea to the jurisdiction, the appellate court will consider the issue *de novo*, basing its decision solely on the allegations in the plaintiff's petition. *See Hampton v. University of Tex.-M.D. Anderson Cancer Ctr.*, 6 S.W.3d 627, 629 (Tex.App.-Houston [1st Dist.] 1999, no pet.). The plaintiff bears the burden of alleging facts affirmatively showing that the trial court has subject-matter jurisdiction. *Garrett Place, Inc.*, 972 S.W.2d at 142–43. We take allegations in the pleadings as true and construe them in favor of the pleader. *Id.*

Schuld's petition alleged the specific owners of the property, each owner's interest in the property, and the estimated value of the property.[1] Because the house and lot could not be partitioned in kind,

Schuld asked that it be sold and the proceeds distributed. She did not seek to probate or administer any decedent's estate, matters which certainly would fall within the expertise of a statutory probate court's exclusive jurisdiction. *See generally* TEX. PROB.CODE ANN. §§ 5, 5A (Vernon Supp.2000); *see also Goodman*, 952 S.W.2d at 933 ("A probate court is a specialized court that exists primarily for the limited purpose of administering decedents' estates."). Nor did she ask the trial court to determine her mother's heirs. To the contrary, her petition named the heirs and sought to establish each of the co-owners' interest in the property. The fact that the co-owners of the house and lot derived their interests by the laws of descent and distribution or by virtue of a will does not convert this partition suit into a determination of heirship over which the statutory probate court might have exclusive jurisdiction.[2]

 With respect to Omar Gilbert Pete, his will was admitted to probate as muniment of title on September 16, 1996 in the Dallas County Probate Court No. 1. The order provided as follows: "[T]here is no necessity for the administration of decedent's estate and the probating of decedent's Will as a Muniment of Title is therefore proper." Consequently, no probate proceeding with respect to Omar Gilbert Pete was pending at the time Schuld brought her suit. *Cf. Clark v. Barr*, 239 S.W.2d 114, 115 (Tex.Civ.App.-Fort Worth 1951, no writ) (probate court's order reciting no administration of estate necessary and admitting will to probate as muniment of title did not render order "any less final or effective"). Thus, the statutory probate

---

1. Specifically, Schuld alleged that: (1) she owned one-fifth of the property (one-tenth interest was conveyed to her by her brother, Leo Anthony Pete, by quitclaim deed); (2) Henson owned six-tenths (one-tenth from her mother and all of her father's one-half interest); and (3) Dembrinski and William Dale Pete each owned one-tenth.

2. Although we are bound by the allegations in the petition, we are compelled to note that even Henson, in her plea to the jurisdiction, did not dispute her mother owned a portion of the property, died without a will, and left five children. Henson simply claims "sole ownership" by virtue of her father's will and asserts various theories under which she claims Schuld would be precluded from taking her share.

court did not have exclusive jurisdiction over any matter incident to his estate.

 Having concluded that the statutory probate court did not have exclusive jurisdiction over the subject matter of Schuld's suit, we next address whether the county court at law had jurisdiction. Chapter 23 of the Texas Property Code governs partitions. Section 23.002 provides:

(a) A joint owner or claimant of real property or an interest in real property may bring an action to partition the property or interest in a district court of a county in which any part of the property is located.

TEX. PROP.CODE ANN. § 23.002(a) (Vernon 1984). Chapter 25 of the government code sets out the jurisdiction of the county courts at law. Section 25.0003(c) provides:

(c) In addition to other jurisdiction provided by law, a statutory county court exercising civil jurisdiction concurrent with the constitutional jurisdiction of the county court has concurrent jurisdiction with the district court in:

(1) civil cases in which the matter in controversy exceeds $500 but does not exceed $100,000, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs, as alleged on the face of the petition....

TEX. GOV'T CODE ANN. § 25.0003(c)(1) (Vernon Supp.2000).

Section 25.0592, which deals specifically with the jurisdictional authority of the Dallas County courts at law, provides:

(a) In addition to the jurisdiction provided by Section 25.0003 and other law, a county court at law in Dallas County has concurrent jurisdiction with the district court in civil cases regardless of the amount in controversy.

TEX. GOV'T CODE ANN. § 25.0592(a) (Vernon Supp.2000). Because the district court has jurisdiction over partition suits, and because the Dallas County courts at law have concurrent jurisdiction with the district courts in civil matters regardless of the amount in controversy, we conclude the county court at law has jurisdiction over this partition suit. *See Continental Coffee Prods. Co. v. Cazarez,* 937 S.W.2d 444, 447–48 (Tex.1996) (construing government code to provide concurrent jurisdiction to county court at law in retaliatory discharge cases).

We conclude the trial court erred in dismissing this suit for want of jurisdiction and therefore sustain the sole point of error. We vacate the trial court's order of dismissal and order the case reinstated on the trial court's docket for further proceedings.