Bill ERIS, Appellant,

v.

Ilias GIANNAKOPOULOS, Appellee.

No. 01–11–00029–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 3, 2012.

---

Gus E. Pappas, Dabney & Pappas, Houston, TX, for Appellant.

Savvas Harry Stefanides, Marilyn V. Stefanides, Houston, TX, for Appellee.

Panel consists of Chief Justice RADACK and Justices HIGLEY and BROWN.

## OPINION

HARVEY BROWN, Justice.

Bill Eris appeals from the Harris County Civil Court at Law Number One's judgment partitioning certain properties between Eris and Ilias Giannakopoulos. Because we hold that the amount in controversy in the partition action exceeded the civil court at law's jurisdiction, we reverse and dismiss for lack of jurisdiction.

### Background

Eris and Giannakopoulos purchased three separate but adjacent and contiguous properties, which they subsequently transferred to a corporation named H.G.B.E., Inc. Eris and Giannakopoulos each own 50% of H.G.B.E., and the properties are H.G.B.E.'s only assets. Eris and Giannakopoulos paid $275,000 to purchase the properties in 1997; over recent years, they have received purchase offers on the properties between $700,000 and $950,000.

After Eris allegedly failed to pay his share of the 2007 property taxes on the properties, Giannakopoulos brought this action for partition of the properties and to recover expenses he incurred in paying Eris's share of property taxes and insurance costs. Giannakopoulos subsequently supplemented his pleadings to add a breach of fiduciary duty claim and to request dissolution of H.G.B.E.

The trial court granted a partition of the properties, dividing the properties into two equal-sized lots and awarding one lot to Eris and the other to Giannakopoulos. The trial court later severed the partition claim from Eris's other claims, making its partition order a final judgment. Eris appeals from the partition judgment.

## Issues Raised

On appeal, Eris asserts that the trial court erred in entering its judgment on four grounds: (1) the trial court lacked jurisdiction over the partition action because district courts have exclusive jurisdiction over partition actions and because the value of the property exceeded the maximum amount in controversy over which the trial court had jurisdiction; (2) the trial court failed to follow the rules governing the procedure for partition of real property; (3) the properties belonged to H.G.B.E., which was not a party to the lawsuit; and (4) partition is not practical under the circumstances of this case. We hold that the trial court lacked jurisdiction over the partition action and therefore do not reach Eris's remaining contentions.

## Jurisdiction

"Whether a court has subject matter jurisdiction is a question of law that we review de novo." *City of Dallas v. Carbajal,* 324 S.W.3d 537, 538 (Tex.2010) (per curiam). Harris County Civil Court at Law Number One is a statutory county court, and its jurisdiction over civil cases is concurrent with that of a constitutional county court. *See* TEX. GOV'T CODE ANN. §§ 25.0003(a) (West 2012) ("A statutory county court has jurisdiction over all causes and proceedings, civil and criminal,

original and appellate, prescribed by law for county courts."), 25.1032(a) (West 2012) (granting Harris County statutory county courts jurisdiction over "all civil matters and causes, original and appellate, prescribed by law for county courts," in addition to other specifically attributed jurisdiction). When, as here, a statutory county court has concurrent civil jurisdiction with a constitutional county court, it also has concurrent jurisdiction with the district court in civil cases in which the matter in controversy exceeds $500 but not $200,000.[1] *Id.* § 25.0003(c)(1). Thus, the Government Code "grant[s] Harris County civil courts at law concurrent jurisdiction with district courts in civil cases in which the amount in controversy falls within a certain jurisdictional dollar limit for statutory county courts." *Cont'l Coffee Prods. Co. v. Cazarez,* 937 S.W.2d 444, 448 (Tex.1996).

### A. The county court's jurisdiction does not exclude partition actions

Chapter 23 of the Property Code governs suits to partition real property. Section 23.002, titled "Venue and Jurisdiction," provides that a "joint owner or a claimant of real property or an interest in real property may bring an action to partition the property or interest in a district court of a county in which any part of the property is located." TEX. PROP.CODE ANN. § 23.002(a) (West 2000). Eris asserts that this statute gives district courts exclusive jurisdiction over partition actions. We disagree.

■ The language of section 23.002 does not indicate a legislative intent that district

---

1. Under the Government Code, a county court may not have jurisdiction over specifically enumerated types of lawsuits even when a district court has jurisdiction over such suits. *See* TEX. GOV'T CODE ANN. § 26.043 (list-ing cases over which constitutional county court lacks jurisdiction). The parties have not identified any provision specifically carving out partition actions from a Harris County court at law's jurisdiction.

courts have exclusive jurisdiction over partition actions; rather, the use of the word "may" demonstrates a permissive, rather than mandatory, procedure.[2] *See id.; see also Cazarez,* 937 S.W.2d at 447–48 (holding that Harris County statutory county court had jurisdiction over certain Labor Code violations when statute provided that such suits "may" be brought in district court); *Nueces Cnty. v. Thornton,* No. 13-03-011-CV, 2004 WL 396608, at *2 (Tex. App.-Corpus Christi Mar. 4, 2004, no pet.) (mem. op.) (holding that Nueces county court had jurisdiction over certain civil service appeals under statute providing that employee "may" file appeal in district court but lacked jurisdiction over decisions beyond scope of jurisdictional grant to district courts). A statute merely providing that an action "may" be brought in district court "does not express an intention to grant *exclusive* jurisdiction to district courts," but rather, "to the extent that statutory courts share *concurrent* jurisdiction with district courts, nothing in [such a] statute limits or excludes that concurrent jurisdiction." *Cazarez,* 937 S.W.2d at 447.

■ The Dallas Court of Appeals reached the same conclusion we reach here. *See Schuld v. Dembrinski,* 12 S.W.3d 485, 489 (Tex.App.-Dallas 2000, no pet.). In *Schuld,* the Dallas court held that, because the Property Code grants district courts jurisdiction over partition actions and because the Government Code grants Dallas County courts at law jurisdiction concurrent with district courts, a Dallas County court at law has jurisdiction over partition actions. *Id.* at 489. The same analysis applies here. Harris County courts at law have jurisdiction concurrent with district courts, within a specified

amount-in-controversy range. TEX. GOV'T CODE ANN. § 25.0003(c)(1). Thus, because section 23.002 of the Property Code grants district courts jurisdiction over partition actions, Harris County courts at law also have jurisdiction over partition actions, so long as the amount in controversy falls within the specified range. *See* TEX. PROP. CODE ANN. § 23.002(a); TEX. GOV'T CODE ANN. § 25.0003(c)(1).

We hold that the trial court had jurisdiction over this partition action so long as the action is within the amount-in-controversy range over which Harris County courts at law have concurrent jurisdiction with district courts.

## B. The trial court lacked jurisdiction over this action because the amount in controversy exceeded its jurisdictional maximum

■ Eris next contends that the amount in controversy in this action is outside the trial court's jurisdiction because the properties that Giannakopoulos asked the trial court to partition were worth "somewhere between $700,000 and $950,000." Eris bases this fair market value on recent purchase offers made on the properties. Giannakopoulos responds that he is not seeking actual damages in excess of the trial court's jurisdictional limit, and therefore the trial court had jurisdiction.

■ Because the trial court's jurisdiction over this case arises from the grant of jurisdiction in section 25.003 of the Government Code—i.e., jurisdiction concurrent with that of Harris County district courts—its jurisdiction is bound by the statute's amount-in-controversy limitations. *See* TEX. GOV'T CODE ANN. § 25.0003(c)(1). The trial court thus had

---

**2.** Eris cites *Miller v. Fenton,* 207 S.W. 631, 632 (Tex.Civ.App.-Texarkana 1918, no writ.), for the proposition that "[a] county court does not have jurisdiction to partition real estate." *Miller* does not address this issue. *See id.*

jurisdiction over this partition action only if the amount in controversy was more than $500 but not more than $200,000. *Id.* To determine the amount in controversy, courts of appeals generally look to the allegations in the plaintiff's petition. *Gulf Coast Waste Disposal Auth. v. Four Seasons Equip., Inc.,* 321 S.W.3d 168, 178 (Tex.App.-Houston [1st Dist.] 2010, no pet.) (citing *Peek v. Equip. Serv. Co. of San Antonio,* 779 S.W.2d 802, 804 (Tex. 1989)). But Giannakopoulos's petition does not contain a statement of jurisdiction or otherwise identify the amount in controversy. *Cf.* Tex.R. Civ. P. 47.

■ A plaintiff's failure to state a jurisdictional amount of controversy in his petition, alone, will not deprive a trial court of jurisdiction; even if the pleadings fail to establish the amount in controversy, the plaintiff may prove the jurisdictional amount at trial. *Peek,* 779 S.W.2d at 804–05.[3] Here, however, we cannot conclude that the evidence at trial proved an amount in controversy within the trial court's jurisdiction.

■ Generally, when a suit is for an interest in real property, rather than damages, the value of the property interest at issue determines the amount in controversy.[4] *See Tune v. Tex. Dept. of Pub. Safety,* 23 S.W.3d 358, 361–62 (Tex.2000) ("It has long been the law that the phrase 'amount in controversy,' in the jurisdictional context, means 'the sum of money *or the value of the thing* originally sued for ....'") (quoting *Gulf, C. & S.F. Ry. Co. v. Cunnigan,* 95 Tex. 439, 67 S.W. 888, 890 (1902) (emphasis added in *Tune* )); *see also AIC Mgmt. v. Crews,* 246 S.W.3d 640, 644 (Tex.2008) (holding that county court at law had jurisdiction over eminent domain proceedings even though value of property exceeded court's amount-in-controversy jurisdiction because specific statutory grant of jurisdiction over eminent domain proceedings was not subject to amount-in-controversy limitation in grant of general jurisdiction); *Red Deer Oil Dev. Co. v. Huggins,* 155 S.W. 949, 950 (Tex.Civ. App.-Amarillo 1913, writ ref'd) (recognizing rule that "amount in controversy" in suit to foreclose lien on real property is determined by value of property covered by lien). Eris cites evidence in the record supporting his contention that the fair market value of the properties is in the area of $700,000 to $950,000.[5] Giannakopoulos has not identified any evidence to the contrary; nor have we found any.

In response to Eris's jurisdictional argument based on the amount in controversy, Giannakopoulos stated:

Appellant Eris is focusing on the value of the Property rather than the remedy Giannakopoulos seeks. Appellee Giannakopoulos merely seeks to partition the Property in kind; a partition action is an equitable remedy. Giannakopoulos is not seeking actual damages that exceed $100,000. In fact, the only amount in

---

3. This rule applies when the defendant fails to object to the defective pleadings and the pleadings do not affirmatively disprove jurisdiction. *See Peek,* 779 S.W.2d at 804. Eris does not claim to have objected to Giannakopoulos's pleadings, and Giannakopoulos's pleadings do not affirmatively demonstrate that the properties have a value in excess of the trial court's jurisdiction.

4. Although Giannakopoulos also sought damages relating to property taxes and insurance,

the trial court severed those claims from the partition action.

5. Giannakopoulos's pleadings do not limit his claims to a one-half interest in the properties. Moreover, even if we treat the amount in controversy as the one-half interest in the properties granted to Giannakopoulos by the trial court, one-half of $700,000 exceeds the trial court's jurisdiction in this action.

controversy at issue in this suit is for the reimbursement of Eris' portion of the property taxes Giannakopoulos paid, as well as reimbursement for a portion of the maintenance of the Property. And, the afore-mentioned amounts do not exceed $100,000. Therefore the Trial court has subject matter jurisdiction over the suit.

Giannakopoulos cites no authority to support his contention that we should exclude the value of the property at issue in this case in determining the amount in controversy, and we have found none. The authorities cited above dictate the opposite conclusion. Giannakopoulos also cites no authority to support his implication that the trial court had equitable jurisdiction over the partition action independent of its amount-in-controversy jurisdictional limits.

■ Statutory county courts are not courts of general jurisdiction "with the power to 'hear and determine any cause that is cognizable by courts of law or equity.' " *Thomas v. Long,* 207 S.W.3d 334, 340 (Tex.2006) (describing general jurisdiction of district courts and quoting Tex. Gov't Code §§ 24.007–.008). We therefore may not assume jurisdiction in the county court at law when Giannakopoulos provides no statutory or other basis for the equitable jurisdiction he asserts. *See Medina v. Benkiser,* 262 S.W.3d 25, 27 (Tex.App.-Houston [1st Dist.] 2008, no pet.) (holding that, while statutory county courts have authority to enter injunctions, they lack jurisdiction to do so unless they have jurisdiction over the controversy, "either because of the subject matter or because of the amount in controversy."); *see also Martin v. Victoria Indep. Sch. Dist.,* 972 S.W.2d 815, 818 (Tex.App.-Corpus Christi 1998, pet. denied) ("The power to issue mandamus or equitable relief, as ex-

ercised by county courts, must be conferred by a statutory grant; usually the plaintiff must rely on the county court's concurrent jurisdiction and plead an amount in controversy sufficient to trigger the county court's jurisdiction.").

We therefore hold that the amount in controversy in this action was outside the trial court's jurisdictional limits.

## Conclusion

We hold that the Harris County Civil Court at Law Number One lacked jurisdiction over this partition action.[6] We therefore vacate its judgment and dismiss the partition action for lack of jurisdiction.

---

**6.** This appeal does not concern the portions of the original suit that the trial court severed from the partition action, nor does our holding.