**Opinion issued December 30, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00045-CV

———————————

**COX VENTURES, INC. D/B/A MEDIA INK, Appellant**

**V.**

**KNG, L.L.C. D/B/A TEXAS DIRECT BINDERY & LETTERPRESS,**
**Appellee**

---

**On Appeal from County Civil Court at Law No. 1**
**Harris County, Texas**
**Trial Court Case No. 1,002,161**

---

## MEMORANDUM OPINION

Cox Ventures, Inc. d/b/a Media Ink ("Cox") appeals the trial court's denial

of its motion for instructed verdict and motion for judgment notwithstanding the

verdict in the suit brought against it by KNG, L.L.C. d/b/a Texas Direct Bindery

and Letterpress ("KNG"). On appeal, Cox contends that the trial court erred in denying Cox's motions because the trial court lacked subject matter jurisdiction over the case. We affirm.

## Background

On October 4, 2011, KNG sued Cox for suit on a sworn account, breach of contract, and quantum meruit, and later amended its petition to add a conversion claim. After filing its answer, Cox filed a counterclaim against KNG on December 21, 2011, seeking to recover damages based on a Master Service Agreement (MSA) signed by the parties.

On March 26, 2012, KNG filed an application to compel arbitration of Cox's counterclaim against KNG and a motion to sever the counterclaim. On March 30, 2012, Cox filed its first amended answer, a plea to the jurisdiction, its response to KNG's application to compel arbitration and motion for severance, and its counter-motion to compel arbitration of all of the parties' claims. On April 9, 2012, the trial court severed Cox's counterclaim[1] against KNG and ordered the counterclaim to arbitration. Cox did not appeal this order in either the original case or the newly pending case. Cox did, however, file a petition for writ of mandamus seeking to compel the trial court to vacate its April 9, 2012 order. This Court denied Cox's petition based on its unjustified delay in filing the petition nearly six months after

---

[1] The trial court severed Cox's counterclaim into cause number 1002161-101.

2

the challenged order. *See In re Cox Ventures, Inc.*, No. 01-12-00879-CV, 2013 WL 867433, at *1 (Tex. App.—Houston [1st Dist.] Mar. 7, 2013, orig. proceeding) (citing *Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993) (orig. proceeding)).

KNG's claims against Cox proceeded to trial on August 13, 2013. After KNG rested, Cox moved for an instructed verdict on the ground that the court lacked subject matter jurisdiction over the case. The trial court denied the motion. At the conclusion of trial, the court rendered judgment on the jury's verdict in favor of KNG on its sworn account claim and awarded KNG damages in the amount of $13,152.00, plus pre-and post-judgment interest, and $23,820.00 in attorney's fees. Cox then filed a motion for judgment notwithstanding the verdict, again asserting that the trial court lacked subject matter jurisdiction. The trial court denied the motion. Cox filed this appeal.

## Discussion

### A. Applicable Law

Jurisdiction deals with the court's power to determine an action involving a particular subject matter between certain parties and to render a judgment regarding the same. *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 75 (Tex. 2000). Subject matter jurisdiction is essential to a court's authority to decide a case; it is never presumed, it cannot be waived, nor can it be conferred by consent, waiver,

3

estoppel, or agreement.  *See id.* at 76; *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443–44 (Tex. 1993).  It is the general rule that "where jurisdiction is once lawfully and properly acquired, no subsequent fact or event in the particular case serves to defeat the jurisdiction."  *Dallas Indep. Sch. Dist. v. Porter*, 709 S.W.2d 642, 643 (Tex. 1986).  Whether a trial court has subject matter jurisdiction is a question of law that we review de novo.  *See Tex. Natural Res. Conservation Comm'n v. IT Davy*, 74 S.W.3d 849, 855 (Tex. 2002).

A county court at law has "jurisdiction over all causes and proceedings, civil and criminal, original and appellate, prescribed by law for county courts," including civil cases in which "the matter in controversy exceeds $500 but does not exceed $200,000 . . . ."  TEX. GOV'T CODE ANN. § 25.0003(a), (c)(1) (West 2011); *see Eris v. Giannakopoulos*, 369 S.W.3d 618, 621–22 (Tex. App.—Houston [1st Dist.] 2012, pet. dism'd).  Here, the amount in controversy alleged in appellee's petition exceeded $13,000, which is an amount falling within the Government Code's mandated jurisdictional amount for a county court at law.  *See* TEX. GOV'T CODE ANN. § 25.0003(a), (c)(1) (West 2011).

**B. Analysis**

In its sole issue, Cox contends that the trial court erred when it denied Cox's motions for instructed verdict and judgment notwithstanding the verdict because KNG's claims were subject to arbitration and, thus, the court lacked subject matter

4

jurisdiction over the claims. KNG argues that its claims were not subject to arbitration and that, even if they were, Cox waived its right to arbitrate the claims. KNG also asserts that Cox's motions as well as its appeal constitute impermissible collateral attacks on the trial court's April 9, 2012 order.

A party seeking to compel arbitration must establish that a valid arbitration agreement exists and that the claims asserted are within the scope of the agreement. *See In re D. Wilson Constr. Co.*, 196 S.W.3d 774, 781 (Tex. 2006) (orig. proceeding). Cox effectively contends that the trial court lacked subject matter jurisdiction because KNG's claims come within the scope of the arbitration provision in the MSA.[2] Here, however, Cox has failed to present any argument, analysis, or authority supporting its contention that KNG's claims were within the scope of the arbitration provision in the MSA. Rather, Cox simply quotes the language of the arbitration provision and, citing to the provision, summarily concludes that it "met its evidentiary burden of proof at trial through the admission of the Master Service Agreement . . . to show why the trial court lacked subject

---

[2]     The provision provides, in relevant part:

Any and all disputes of the Parties which cannot be settled amicably, including any ancillary claims of any Party, arising out of, relating to or in connection with the validity, negotiation, execution, interpretation, performance or non-performance of this Agreement (including the validity, scope and enforceability of this arbitration provision) shall be finally settled by binding arbitration conducted by a single arbitrator in Houston, Texas in accordance with the then-existing Commercial Rules of Arbitration of the American Arbitration Association.

matter jurisdiction." Cox cites to *Cont'l Coffee Products. v. Casarez*, 937 S.W.2d 444, 449 (Tex. 1996), in support of its assertion that the trial court lacked subject matter jurisdiction over KNG's claims. However, that case is inapposite and lends no support to Cox's contention. *See id.* at 449 (agreeing with court of appeals that in absence of any proof to support defendants' claims that plaintiff's allegations in original petition were made fraudulently or in bad faith, plaintiff's mere allegation of damages in excess of court's jurisdictional limits in amended petition did not deprive trial court of jurisdiction).

An appellate brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(h). "Rule 38 requires [a party] to provide us with such discussion of the facts and the authorities relied upon as may be requisite to maintain the point at issue." *Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 128 (Tex. App.—Houston [1st Dist.] 2002, pet. denied). "This is not done by merely uttering brief conclusory statements, unsupported by legal citations." *Daniel v. Falcon Interest Realty Corp.*, 190 S.W.3d 177, 189 (Tex. App.—Houston [1st Dist.] 2005, no pet.). When a party fails to adequately brief a complaint, it waives the issue on appeal. *See Fredonia State Bank v. Gen. Am. Life Ins. Co.,* 881 S.W.2d 279, 284 (Tex.1994) (appellate court has discretion to determine waived point of error due to inadequate briefing). Cox's brief does not comport with the

requirements of Rule 38.1. In the absence of any argument, substantive analysis, or citation to authority or to the record to support its bare assertion that "it met its evidentiary burden of proof at trial," we conclude that Cox has failed to preserve its issue for our review. *See* TEX. R. APP. P. 38.1(i); *Tesoro Petroleum Corp.*, 106 S.W.3d at 128. Accordingly we overrule Cox's issue.

## Conclusion

We affirm the trial court's judgment.


Jim Sharp
Justice

Panel consists of Justices Jennings, Sharp, and Massengale.