# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-19-00433-CV

---

**Magnolia Christian Church and Langston B. Williams, Jr., Appellants**

**v.**

**Rex Bowers, Appellee**

---

### FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
### NO. C-1-CV-16-008185, THE HONORABLE ERIC SHEPPERD, JUDGE PRESIDING

---

## D I S S E N T I N G   O P I N I O N

The Court holds that the "amount in controversy" for a breach of contract claim seeking the remedy of specific performance on real estate contracts is the contractual price of the properties being sold and, therefore, that the county court at law lacked jurisdiction because the contractual sales price exceeded the $250,000 jurisdictional maximum. But specific performance is not the judicial determination of title or a suit for recovery of property; rather, it "is the remedy of requiring exact performance of a contract in the specific form in which it was made." *Levetz v. Sutton*, 404 S.W.3d 798, 805 (Tex. App.—Dallas 2013, pet. denied). Where the plaintiff has been excused from tendering the sales price due to the defendant's repudiation of the contract, the plaintiff must still tender the contractual sales price after being awarded specific performance to receive title to the properties. *See DiGiuseppe v. Lawler*, 269 S.W.3d 588,

595 (Tex. 2008). Because the Court ignores the amount the plaintiff must tender in calculating the value of the amount in controversy, I respectfully must dissent.

The relevant facts of this case are straightforward. Rex Bowers contracted with Magnolia Christian Church and Langston Williams, Jr. (collectively, the Church) in three real estate contracts with the same closing date to purchase three properties for the total price of $434,500. Bowers sued the Church in county court for breach of contract and statutory fraud, alleging that he "was ready, willing and able to close on the subject properties" but that the Church "refused to close without legal justification." Asserting a contractual right to specific performance in the event of a breach, Bowers sought the remedies of specific performance and actual and economic damages. The Church filed pleas to the jurisdiction, which the county court denied. A jury found in Bowers's favor on both claims. The county court rendered judgment on the verdict and awarded Bowers specific performance by ordering that the Church "shall transfer title to the Properties to" Bowers and that "[t]he payment of money to be made by [Bowers] pursuant to the Contracts will be reduced by any amounts awarded in this Final Judgment or other Order of this Court to [Bowers] that have not yet been paid at that time." The Church appeals to this Court raising jurisdictional and merit issues.

The Court concludes that because the contractual sales price for the properties totaled $434,500, the Church "'readily' established that the amount in controversy exceeds $250,000.00, and the county court at law should have sustained the pleas to the jurisdiction." *Ante* at ___ (quoting *Rodney R. Elkins & Co. v. Immanivong*, 406 S.W.3d 777, 778–79 (Tex. App.—Dallas 2013, no pet.)). In reaching this conclusion, the Court technically acknowledges the holding that "[i]t has long been the law that the phrase 'amount in controversy,' in the jurisdictional context, means 'the sum of money or the value of the thing originally sued for.'"

*Tune v. Texas Dep't of Pub. Safety*, 23 S.W.3d 358, 361–62 (Tex. 2000) (quoting *Gulf, C. & S.F. Ry. v. Cunnigan*, 67 S.W. 888, 890 (Tex. 1902)). But the Court ignores the contractual sales price Bowers must tender in calculating the value of "the thing originally sued for"—i.e., specific performance—noting that "[g]enerally, when a suit is for an interest in real property, the value of the interest at issue determines the amount in controversy." *Ante* at ___. Suing for the Church's "exact performance" on the contracts, however, is not the same as suing for judicial determination of an interest in real property. *See Levetz*, 404 S.W.3d at 805. Here, Bowers is suing for a judgment requiring transfer of title to the properties *in exchange for* the sales price as contemplated by the contracts. Thus, the "value of the thing originally sued for" would be the value to Bowers of the Church transferring title minus the amount he must tender in exchange.

The Court's cited case law does not support ignoring the amount Bowers must tender to receive title to the properties. *See Prewett v. Canyon Lake Island Prop. Owners Ass'n*, No. 03-18-00665-CV, 2019 WL 6974993, at *3 (Tex. App.—Austin Dec. 20, 2019, no pet.) (mem. op.); *Eris v. Giannakopoulos*, 369 S.W.3d 618, 619 (Tex. App.—Houston [1st Dist.] 2012, pet. dism'd). In a suit for declaratory judgment regarding "the right to rent out their real property for terms of less than 30 days," the *Prewett* Court calculated the amount in controversy by determining "the gross rental revenues." 2019 WL 6974993, at *3. And in a suit to partition certain properties, the *Eris* court determined the amount in controversy by noting that the fair market value of the properties was above $700,000, that the pleadings "do not limit his claims to a one-half interest in the properties," and that "even if we treat the amount in controversy as the one-half interest" it would still exceed the trial court's jurisdiction. 369 S.W.3d at 622 & n.5. In short, both the *Prewitt* and *Eris* plaintiffs were suing for the judicial determination of an interest in real property without having to tender any money in exchange for that interest. And although

3

my review of Texas case law did not reveal any authority expressly addressing the value of specific performance for the purpose of determining the amount in controversy, federal case law tracks the approach I have spelled out. *See, e.g.*, *Occidental Chem. Corp. v. Bullard*, 995 F.2d 1046, 1047–48 (11th Cir. 1993) (noting that amount in controversy is value of property sought to be obtained by specific performance; that undisputed fair market value of that property was $98,350; and that plaintiff "would be required to pay $11,240 in exchange for the property, a fact which reduces the property's value to [plaintiff] by this amount").

The Church did not readily establish that the value of the properties minus the contractual sales price that Bowers must tender to receive title exceeded the $250,000 jurisdictional maximum. Accordingly, I respectfully dissent from the Court's dismissal of the suit for lack of jurisdiction on this ground and instead I would address the other issues raised on appeal.

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Kelly, and Smith

Filed: September 3, 2020

4