**Affirmed as Modified and Opinion filed June 3, 2014.**



In The

# Fourteenth Court of Appeals

## NO. 14-12-00753-CV

## PARHAM FAMILY LIMITED PARTNERSHIP AND VAN E. PARHAM, JR., Appellants

### V.

## DIANE MORGAN F/KA/ DIANE PARHAM, Appellee

## NO. 14-12-00795-CV

## PARHAM ENTERPRISES, INC. AND RHETTA PARHAM, Appellants

### V.

## DIANE MORGAN F/K/A DIANE PARHAM, Appellee

**On Appeal from the County Civil Court at Law No. 3
Harris County, Texas
Trial Court Cause No. 933543**

# O P I N I O N

This consolidated appeal arises from a dispute over Lot 9, Block 1 of Farmette Meadows Section One, Harris County, Texas (the "subject property"). By the underlying suit, Diane Morgan f/k/a Diane Parham (Diane) sought to avoid a transfer of the subject property as a fraudulent transfer as well as a declaration that the September 22, 2007 deed purporting to accomplish the transfer is void. The trial court granted partial summary judgment on the attempted transfer, declared the deed void, signed a final judgment awarding Diane attorney's fees, and enjoined appellants Parham Family Limited Partnership (Partnership) and Van E. Parham, Jr. (Van Jr.) from pursuing their collateral suit regarding the subject property.

On appeal, Parham Enterprises, Inc. (PEI) and Rhetta Parham (Rhetta), the president of PEI, urge the trial court erred by (a) granting the motion for partial summary judgment, (b) enforcing an "expired" temporary injunction, and (c) awarding Diane attorney's fees despite a failure to segregate. Partnership and Van Jr. challenge the trial court's subject matter jurisdiction over Diane's suit and Diane's standing to seek injunctive relief against them. Partnership and Van Jr. also assert the trial court erred in entering the injunction against them. As explained below, we affirm the trial court's judgment as modified.

## I. BACKGROUND

Diane was married to Shawn Parham in June 2004. On June 22, 2004, Shawn conveyed the subject property to PEI. PEI is a corporation that was owned and controlled by Van Parham, Sr. and Rhetta. Diane worked for PEI until she and Shawn were separated in August 2005; they were divorced in May 2006.

On September 22, 2007, Rhetta, as president of PEI, signed a deed attempting to convey the subject property to Partnership. However, it is undisputed that the warranty deed identified the wrong lot within the Farmette Meadows Section and named a non-existent entity, Parham Family Limited Partnership No. 2, as grantee. The warranty deed, including these errors, was recorded in the real property records of Harris County. In July 2008, Diane obtained a judgment against PEI for around $82,500 in County Court at Law No. 3 related to PEI's unauthorized use of her personal credit cards. The transfer of the subject property occurred during the pendency of the credit card dispute. Diane attempted to execute her judgment against PEI once it became final, but was unsuccessful. She abstracted this judgment in the Harris County deed records on September 22, 2008.

On January 28, 2009, Diane, as a judgment creditor, filed a petition to set aside deed, for declaratory judgment, for fraudulent transfer and for a temporary restraining order (TRO) and temporary injunction. She named PEI and Rhetta as defendants. Diane asserted that the September 22, 2007 deed conveying Lot 1 was a fraudulent conveyance of the subject property to a non-existent entity made to "delay, hinder, or defraud" Diane in her efforts to collect that judgment. Diane sought to set aside "the purported transfer and an order of sale . . . for disposition and satisfaction of [her] judgment," a declaratory judgment, a TRO and temporary injunction against further conveyances of the subject property, actual damages that "exceed $84,000 but are within the jurisdictional limits of this court," and attorney's fees. The trial court issued a TRO on February 2 and set the hearing on the temporary injunction for February 13.

3

On February 13, Diane obtained a temporary injunction against PEI and Rhetta, prohibiting them from "deeding, transferring or conveying" Lot 1. The trial court set the matter for trial on July 15.

On February 27, Van Jr. and Partnership filed a petition in intervention (mistakenly styled an "interpleader"), asserting an interest in the subject property. Diane filed an amended petition naming Van Parham Sr., Van Jr., Partnership, and V.E. Parham Jr. Management Corp. as additional defendants. She also added claims for conspiracy and exemplary damages against all the defendants.

During the remainder of 2009, the defendants filed and continued various dispositive motions. The parties agreed to continue numerous trial settings and the parties unsuccessfully mediated. In 2010, the trial court denied all of the defendants' dispositive motions, Van Sr. passed away, and Diane amended her petition to remove Van Sr. and V.E. Parham Jr. Management Corp. as parties and delete her claim for exemplary damages. And, the parties agreed to more continuances, moving the trial into 2011. On September 19, 2011, Diane filed a motion for partial summary judgment against PEI only. In this motion, she sought judgment on her claims for declaratory judgment and for fraudulent transfer. This motion was set for submission on October 7. Diane attached to her motion (1) a copy of the recorded deed on the subject property, bearing the two errors in lot and grantee, (2) a certificate from the Texas Secretary of State certifying that there is no record of any business entity, foreign or domestic, by the name of Parham Family Limited Partnership No. 2,[1] and (3) evidence in support of her fraudulent transfer claim, including an appraisal of the subject property at the time of the purported transfer. Rhetta and PEI responded to Diane's motion for partial

---

[1] This certificate notes that a similarly named entity, Partnership, had been identified through the Secretary of State's record search.

4

summary judgment. Intervenors[2] Partnership and Van Jr. also filed a response to Diane's motion.

Later in September, Diane filed a third amended petition restating her previous claims; and adding a claim for piercing the corporate veil against Rhetta, seeking to hold her individually liable for disregarding the corporate form of PEI. A week later, Diane filed a "notice of disobedience of the temporary injunction," asking the court to hold PEI and Rhetta, individually and as president of PEI, in contempt. In this notice, she asserted:

> The Defendants [PEI] and [Rhetta] were served with the Plaintiff's Motion for Partial Summary Judgment on Thursday, September 15, 2011. In a calculated bad faith attempt to defeat the partial summary judgment motion, the Defendants [PEI] and [Rhetta] violated the Court's Temporary Injunction Order on Friday, September 23, 2011 by filing an amended and alleged corrected Warranty Deed to the subject property Lot 9 with the county clerk.

The trial court heard this motion on October 12. After the hearing, the trial court signed an order holding PEI and Rhetta in contempt. In this order, the trial court declared the deed executed by PEI and Rhetta on September 22, 2011 (filed on September 23) void and fined Rhetta "$500.00 as punishment for contempt" of the temporary injunction. The trial court further ordered PEI and Rhetta to obey the contempt order and the February 13, 2009 temporary injunction. In the order, the trial court stated the temporary injunction "remains in effect for any and all purposes." The trial court also signed a trial setting that day, setting the case for trial on January 23, 2012.

---

[2] The parties variously spell this word as "intervenor" and "intervener." For consistency's sake, we spell it "intervenor" throughout this opinion, except where it has been quoted from the record.

Two days before the hearing on Diane's motion for contempt, Diane filed a motion to strike the intervention of Partnership and Van Jr. At a hearing on October 19, 2011, Diane orally dropped her conspiracy claims against all the parties. The trial court signed a partial non-suit with prejudice of these claims that same date. The trial court also signed an order granting Diane's motion to strike the intervention of Partnership and Van Jr. According to the trial court's findings, Partnership and Van Jr. filed a motion for new trial/motion for reconsideration in response to the trial court's order striking their intervention. [3]

Diane filed an amended petition on November 7 naming only PEI and Rhetta as defendants. In this petition, Diane sought to set aside the September 22, 2007 deed, a declaratory judgment that this deed was void, and alternative relief for fraudulent transfer, piercing the corporate veil, and fraud. She further alleged that February 13, 2009 temporary injunction remained in effect.

On January 17, 2012, Partnership and Van Jr. filed an action to quiet title to the subject property in Harris County Probate Court No. 1, which was overseeing the probate of the estate of Van Sr. This quiet-title action was based on the September 22, 2007 deed. On January 19, PEI and Rhetta filed a motion in the underlying cause here to transfer venue to the probate court. The motion also complained that, due to the amount in controversy, the court did not have jurisdiction, and that the court had improperly excluded necessary parties by striking Partnerhsip/Van Jr.'s petition in intervention. Although Diane responded to the motion, it appears that the motion was neither set for hearing nor ruled upon.

On January 23, 2012, the trial court signed an order granting Diane's September 19 motion for partial summary judgment against PEI. Specifically, the

---

[3] Our record does not contain a copy of the motion for new trial/motion for reconsideration filed by Partnership and Van Jr.

6

trial court's order: "GRANTS Plaintiff's motion for partial summary judgment against the Defendant Parham Enterprises, Inc. regarding the issue that the warranty deed executed on September 22, 2007 is void."

The next day, the trial court signed an order denying Partnership and Van Jr.'s motion for new trial/motion for reconsideration. Also on January 24, Diane and PEI proceeded to a jury trial on the issue of attorney's fees only.[4] After a brief jury trial, the jury returned a verdict finding Diane's reasonable and necessary attorney's fees for preparation and trial to be $75,000, for an appeal to the court of appeals to be $25,000, and for an appeal to the Supreme Court of Texas to be $15,000.

Following the trial, Diane filed an amended petition on February 6, 2012, listing Partnership and Van Jr. as "intervenors." In addition to the claims listed above that Diane had raised in her previous pleadings, she sought an anti-suit TRO and temporary injunction against Partnership and Van Jr., enjoining them from pursuing their "mirror lawsuit" to quiet title. The trial court granted the TRO on February 8 and set the temporary injunction for a hearing on February 20. Counsel for Partnership and Van Jr. appeared at the February 8 hearing on the TRO as "amici curiae."

Diane's February 15 motion for temporary injunction against Partnership and Van Jr. cited Texas Civil Practice & Remedies Code section 65.011, which provides, "A writ of injunction may be granted if a party performs or is about to perform . . . an act relating to the subject of pending litigation, in violation of the rights of the applicant, and the act would tend to render the judgment in that

---

[4] The reporter's record from the pretrial conference reflects that Diane non-suited her claims against Rhetta for piercing the corporate veil regarding responsibility for attorney's fees. According to the trial transcript, the only issue thus remaining was Diane's attorney's fees against PEI.

litigation ineffectual; the applicant is entitled to a writ of injunction under the principles of equity and the statutes of this state relating to injunction."[5] She noted in this motion that "on the eve of trial," she was served with citation and a copy of the intervenors' original petition for declaratory judgment in the probate court regarding the deed/title to the subject property. She alleged that in this "mirror lawsuit," Partnership and Van Jr. were attempting to re-litigate the identical issues regarding the deed/title to the subject property, which was the subject of "this pending litigation." She stated that on January 23, the trial court had signed a partial summary judgment in her favor, in which the court had issued an order that the September 22, 2007 deed issued by PEI was void. She further noted that on January 24, 2012, the trial court signed an order denying Partnership's motion for new trial or motion for reconsideration. She asserted that the trial court had jurisdiction over Partnership and Van Jr. because they consented to the court's jurisdiction regarding their motion for new trial, which was not denied until January 24, 2012. Diane also alleged she was entitled to an anti-suit temporary injunction to address a threat to the court's jurisdiction, to prevent the evasion of important public policy, to prevent a multiplicity of suits, or to protect a party from vexatious or harassing litigation, citing *Bridas Corp. v. Unocal Corp.* and *Golden Rule Insurance v. Harper*.[6]

Partnership and Van Jr. responded to this motion, "without waiving citation, service of process, or making a general appearance." They asserted that the trial court lacked subject matter jurisdiction to hear this case because the property in question was valued at over $300,000, which exceeded the jurisdictional limits of the maximum amount in controversy for statutory county courts in Harris County.

---

[5] Tex. Civ. Prac. & Rem. Code Ann. § 65.011.

[6] *See Golden Rule Ins. v. Harper*, 925 S.W.2d 649, 651 (Tex. 1996); *Bridas Corp. v. Unocal Corp.*, 16 S.W.3d 887, 891 (Tex. App.—Houston [14th Dist.] 2000, pet. dism'd w.o.j.).

8

They further claimed that, rather than maintaining the status quo, as a temporary injunction was intended to do, granting a temporary injunction in this case would destroy the status quo. They asserted that the probate court had now obtained dominant jurisdiction over their claims, which was evidenced by the need for Diane to seek leave of court to amend her pleadings, post-jury trial and concurrently with the temporary injunction hearing. Citing *United States Fidelity & Guaranty Co. v. Beuhler*, they alleged that a plaintiff may not dismiss claims against defendants, proceed to a jury trial without them, and after a trial on the merits, rejoin them as a party in the same case, particularly as intervenors.[7] Finally, they contended that Diane was judicially estopped from obtaining injunctive relief against them because she had them struck and dismissed from the case.

After an evidentiary hearing on February 20, 2012, at which counsel for all parties and putative parties appeared, the trial court granted the temporary injunction, as well as granting Diane leave to amend her petition. Bond was set at $1,000, and the case was set for trial on the permanent injunction on June 4, 2012.

Partnership and Van Jr. filed a plea to the jurisdiction and answer on February 27. In their plea to the jurisdiction, they asserted that the trial court lacked subject matter jurisdiction because the property at issue was valued above the jurisdictional limits of the statutory county court at law. They also filed a verified denial, urging that there was a defect in parties—they were named as intervenors after their petition in intervention had been struck. They asserted that no such intervention existed and that because Diane had proceeded to a jury trial on the merits, she could no longer, post-trial, sue them as intervenors in an

---

[7] *U.S. Fid. & Guar. Co. v. Beuhler*, 597 S.W.2d 523, 524 (Tex. Civ. App.—Beaumont 1980, no writ).

9

adjudicated matter.  Subject to several affirmative defenses, they filed a general denial.

Also on February 27, the trial court signed an interlocutory judgment.[8]  In this interlocutory judgment, the trial court included the following regarding summary judgment regarding the void deed:

> Plaintiff Diane Morgan timely filed a motion for partial summary judgment against the Defendant Parham Enterprises, Inc. regarding the issue that the warranty deed attempting to transfer the title to [the subject property] was void.
>
> On January 23, 2012, the Court, after considering the pleadings, the motion, the affidavits, the response of the Defendant, the response of the *Interveners*, the law, and the facts, granted the Plaintiff's motion for partial summary judgment against the Defendant Parham Enterprises, Inc.  The Order is attached as Exhibit 'A' and incorporated by reference.
>
> The court hereby renders judgment for Plaintiff Diane Morgan that the warranty deed attempting to transfer title to the subject property . . . and executed on or about September 22, 2007 is void.

(emphasis added).  This interlocutory judgment also iterated the jury verdict on fees against PEI, and the February 13, 2009 temporary injunction against Partnership and the February 20, 2012 temporary injunction against Partnership and Van Jr.

At the June 4, 2012 evidentiary hearing on the permanent injunction, counsel for Partnership and Van Jr. again raised the issue that they had been brought into the case as intervenors even though their petition in intervention had been struck and Diane had non-suited her claims against them:

---

[8] The word "Final" was struck out by the trial court and the word "Interlocutory" was handwritten above it.  Language of finality was also struck from the end of the judgment.

10

This Court on October the 12th [2011] had a hearing. And at that hearing Diane Morgan's counsel nonsuited my clients and nonsuited with prejudice. The Court signed off on an order on October 19th nonsuiting with prejudice any conspiracy claims. Then what transpired is the Court in -- well, actually Diane Morgan filed a fourth amended petition. And in that fourth amended petition, she dropped all claims against Parham Family Limited Partnership and Dr. Van E. Parham, Jr.

The Court also struck the intervention that my clients filed back in October as well. Therefore, they ceased being parties at the very latest at the beginning of November. The Court proceeded to go to trial on the merits. It was a jury trial. The Court granted a motion for summary judgment at the end of January prior to trial and then went right into a jury trial to which the Parham Family Limited Partnership and Dr. Van E. Parham were not parties, nor were they given notice of the trial.

Your Honor, I'm not sure what -- the Court granted a post-trial leave to amend for Diane Morgan in which she has sued my clients as intervenors which the Court struck back in October.

Your Honor, under the Rules of Procedure, once you proceed to trial, anything that's not submitted at that point in time is abandoned and under 165 that's exactly what we have here. Is Ms. Morgan asking the Court for a new trial?

The trial court responded that it had already ruled on Partnership's and Van Jr.'s motion to dismiss by denying it and asked the parties to proceed on the permanent injunction hearing. Both sides presented evidence and argument. On June 11, 2012, the trial court signed an order granting a permanent injunction "restraining the Interveners from prosecuting a mirror lawsuit regarding the deed/title to Lot 9 in Harris County Probate court No. [1] or any other Court."

The trial court signed a final judgment on August 8, 2012. This judgment provides, in pertinent part, as follows:

The Defendants in this litigation are Parham Enterprises, Inc. . . . and Rhetta Parham. Van Parham Sr. was a defendant in this

11

litigation, but he died during the pendency of this litigation on November 2, 2010 and was non-suited on or about September 20, 2011.

The Interveners in this litigation are Van Parham Jr. and Parham Family Limited Partnership . . . .

On January 23, 2012, the Court after considering the pleadings, the motion, the affidavits, the response of the Defendants, the response of the Interveners, the law, and the facts granted the Plaintiff's motion for partial summary judgment against the Defendant Parham Enterprises, Inc. . . .

The court hereby RENDERS judgment for Plaintiff Diane Morgan that the warranty deed attempting to transfer the title to the subject property . . . and executed on or about September 22, 2007 is void.

On January 24, 2012, this case was called for trial regarding the fact issue of attorney fees. Plaintiff, Diane Morgan, appeared in person and through her attorney and announced ready for trial. Defendant, Parham Enterprises, Inc., appeared through its representative (President), Ms. Rhetta Parham and through its attorney and announced ready for trial.

After a jury was impaneled and sworn, it heard the evidence and arguments of counsel. . . . Because it appears to the Court that the verdict of the jury was for the Plaintiff, Diane Morgan, and against the defendant Parham Enterprises, Inc., judgment should be rendered on the verdict in favor of the Plaintiff, Diane Morgan and against the Defendant Parham Enterprises, Inc.

\*\*\*

INJUNCTIONS

On February 13, 2009, this Court issued a Temporary Injunction against the Defendant Parham Enterprises, Inc. and restrained the Defendant from deeding, transferring or conveying all or any part of the subject property . . . from the date of the Order and while this cause is pending or until further order of the Court. This Temporary Injunction remains in effect for any and all purposes against the Defendant until further order from this Court.

12

The final judgment also incorporated the permanent injunction against Partnership and Van Jr., described above. All court costs were taxed against PEI.

From this judgment, PEI, Rhetta, Partnership, and Van Jr. timely appealed.[9]

## II. ANALYSIS

### A. Jurisdictional Issues

In their first two issues, Partnership and Van Jr. challenge the trial court's subject matter jurisdiction over the case below and Diane's standing to seek injunctive relief against them. Because these issues attack the jurisdiction of the trial court, we address them first.

#### 1. Subject Matter Jurisdiction

Partnership and Van Jr. assert that the trial court lacked subject matter jurisdiction over the proceedings below because the amount in controversy exceeded the trial court's statutory authority. Subject matter jurisdiction may not be conferred by consent or waiver, and its absence may be raised at any time. *Carroll v. Carroll*, 304 S.W.3d 366, 367 (Tex. 2010) (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993)). Whether a trial court has subject matter jurisdiction is a question of law we review de novo. *Tex. Natural Res. Conservation Comm'n v. IT—Davy*, 74 S.W.3d 849, 855 (Tex. 2002).

Here, Partnership and Van Jr. contend that Diane alleged the property at issue in this case was worth $340,000, which exceeds the Texas Legislature's grant of jurisdiction to statutory county courts at law over amounts in controversy

---

[9] The trial court filed findings of fact and conclusions of law on October 4, 2012, after Partnership and Van Jr. filed a notice that such findings and conclusions were past due and they had filed both a first and second request for them.

13

between $500 and $200,000. *See* Tex. Gov't Code Ann. § 25.0003(c)(1).[10] Section 25.0003 of the Texas Government Code governs the general jurisdiction of statutory county courts and proscribes the monetary jurisdictional limits of them. *See id.* § 25.0003. But section 25.1032 of the Government Code contains additional jurisdictional provisions particular to Harris County civil courts at law. *See id.* § 25.1032. Subsections 25.1032(c)(1) and (3) provide the Harris County civil courts at law jurisdiction to "decide the issue of title to real or personal property" and to "hear a suit for the enforcement of a lien on real property." *Id.* § 25.1032(c)(1), (3).

Diane brought this suit to decide the issue of title to real property. She sought a determination of whether title to Lot 9 remained with PEI or had been conveyed to another. *See id.* § 25.1032(c)(1). Additionally, Diane sought to enforce the judgment lien from her prior suit in County Civil Court at Law No. 3 against Lot 9 if it found the deed void. *See id.* § 25.1032(c)(3). Indeed, Partnership and Van Jr. acknowledge in their briefing that Diane is "trying to establish and determine title to real property," albeit they claim it is "regarding a sale to which she was not a party or has a justiciable interest." The jurisdiction provided by section 25.1032 is based on the subject matter of the claim, not the amount in controversy. *See AIC Mgmt. v. Crews*, 246 S.W.3d 640, 644 (Tex. 2008) ("Section 25.1032(c)(1) thus bases the county civil courts' jurisdiction on the type of claim, not the amount of money in dispute."); *see also Haas v. Ashford Hollow Comty. Improvement Ass'n, Inc.*, 209 S.W.3d 875, 880 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (same). Thus, we conclude that County Court

---

[10] At the time this suit was filed, the amount in controversy ceiling for statutory county courts was $100,000. However, this amount was raised to $200,000 effective January 1, 2012. *See* Tex. Gov't Code Ann. § 25.0003(c)(1). Because Partnership and Van Jr. assert that Diane's allegations exceed even the current amount, we will refer to the current enactment for ease of reference.

at Law No. 3 properly exercised subject matter jurisdiction over this matter based on the type of claims Diane brought.

Further, we review de novo whether a pleader has alleged facts that affirmatively demonstrate subject matter jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). We construe pleadings liberally in favor of the plaintiff and look to the pleader's intent. *See id.* (citing *Tex. Air Control Bd.*, 852 S.W.2d at 446). The plaintiff's allegations in the petition regarding the amount in controversy control for jurisdictional purposes unless the party challenging jurisdiction pleads and proves that the allegations were made fraudulently to obtain jurisdiction. *Cont'l Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 449 (Tex. 1996); *see also Miranda*, 133 S.W.3d at 224 n.4; *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000).

Here, in her original petition, Diane alleged damages exceeding $84,000 but "within the jurisdictional limits of this court." Partnership and Van Jr. neither pleaded nor proved that Diane's allegations of the amount in controversy were made fraudulently for the purpose of obtaining jurisdiction. Thus, the allegations in her petition regarding the amount in controversy control for jurisdictional purposes. *Miranda*, 133 S.W.3d at 224 n.4; *Cont'l Coffee*, 937 S.W.2d at 449. Section 25.0003(c)(1) of the Texas Government Code provides jurisdiction for statutory county courts over matters in controversy between $500 and $200,000 "*as alleged on the face of the* petition." Tex. Gov't Code Ann. § 25.0003(c)(1) (emphasis added). As noted above, the jurisdictional maximum amount in controversy at the time Diane filed her suit was $100,000. Diane's allegation of damages on the face of her petition falls below this maximum amount; thus, the

15

trial court had jurisdiction over this matter even under the more general provision of jurisdiction provided by section 25.0003.[11]

Finally, with certain exceptions not relevant here, when jurisdiction is lawfully and properly acquired, no later fact or event deprives the court of jurisdiction. *Cont'l Coffee*, 937 S.W.2d at 449; *Kubovy v. Cypress-Fairbanks Indep. Sch. Dist.*, 972 S.W.2d 130, 133 (Tex. App.—Houston [14th Dist.] 1998, no pet.). Thus, once the trial court properly obtained subject matter jurisdiction over this matter, it did not later lose it based on the contents of its judgment, as asserted by Partnership and Van Jr.

For the foregoing reasons, we conclude that County Civil Court at Law No. 3 properly acquired subject matter jurisdiction over Diane's suit. We therefore overrule Partnership's and Van Jr.'s first issue.

## 2. Diane's Standing

Partnership and Van Jr. assert that Diane lacked standing to seek an anti-suit injunction against them because she lacked any interest in the subject property "without a perfected judgment lien." A party must have standing to maintain suit. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444 (Tex 1993).

---

[11] Partnership and Van Jr. cite *Eris v. Giannakopoulos*, a case from our sister court, for the proposition that "[w]hen a suit is for an interest in real property or to foreclose a lien on real property, rather than damages, the value of the property interest at issue determines the amount in controversy." 369 S.W.3d 618, 622 (Tex. App.—Houston [1st Dist.] 2012, no pet.). In *Giannakopoulos*, the plaintiff did not contain a statement of jurisdiction or otherwise identify the amount in controversy. *Id.* at 622. Here, Diane's petition did contain a jurisdictional statement identifying an amount in controversy. Further, the plaintiff in *Giannakopoulos* brought suit to partition three separate but adjacent and contiguous properties, of which he owned a fifty percent interest. *Id.* at 619. The trial court granted a partition of the properties, dividing them into two equal-sized lots and awarding one to the plaintiff. *Id.* at 620. Diane, on the other hand, sued to have a title declared void, for fraudulent transfer, and for damages. Nowhere in her pleadings does she seek to obtain an interest in the property. Thus, the analysis in *Giannakopoulos* is inapplicable to the facts of this case.

Under Texas law, a plaintiff has standing to bring suit if she has suffered a distinct injury, and there exists a real controversy between the parties that will be determined by the judicial determination sought. *Brown v. Todd*, 53 S.W.3d 297, 305 (Tex. 2011). The requirement that a real controversy exist between the parties that will be determined by the trial court refers to the presentation of a justiciable interest. *Salas v. LNV Corp.*, 409 S.W.3d 209, 216 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

Partnership and Van Jr. assert that there is no real controversy between the parties that will be determined by any judicial declaration sought because PEI sold the subject property to Partnership *before* Diane's "failed attempts to perfect a judgment lien or interest in the property." In other words, Partnership and Van Jr. argue that Diane cannot have standing because the transfer about which she complains took place nine months prior to Diane's claim against PEI resulting in judgment.[12] But their assertion ignores the provisions of the Texas Uniform Fraudulent Transfer Act that include "creditor's claim[s that] arose before *or within a reasonable time after the transfer was made or the obligation was incurred*." Tex. Bus. & Com. Code Ann. § 24.005(a) (emphasis added). Thus, Partnership and Van Jr.'s argument begs the entire question of Diane's case: Is the September 22, 2007 deed purporting to transfer the subject property void as a fraudulent conveyance or otherwise?

If the purported conveyance failed to transfer the property to Partnership, then title of the property remained with PEI, and Diane's judgment lien against PEI attached. Thus, Diane had a clear justiciable interest in whether her judgment lien attached to a property she alleges was fraudulently transferred to Partnership to

---

[12] See *infra* section B.3 regarding the trial court's summary judgment in favor of Diane on her fraudulent transfer claim.

17

defeat her monetary claim against PEI; the Texas Uniform Fraudulent Transfer Act provides that justiciable interest *because* she was not a party to the transaction. For the foregoing reasons, we overrule Partnership's and Van Jr.'s challenge to Diane's standing to bring this suit.[13]

Having addressed the jurisdictional issues presented by Partnership and Van Jr., we turn to the trial court's summary judgment declaring the September 22, 2007 deed void.

## B.    Validity of the Deed

In PEI and Rhetta's first issue, they assert that the trial court erred in declaring this deed void by traditional summary judgment because Diane failed to conclusively establish that the deed lacked the legal requisites to qualify as a deed.

We review the trial court's granting of a summary judgment de novo. *Ferguson v. Bldg. Materials Corp. of Am.*, 295 S.W.3d 642, 644 (Tex. 2009) (per curiam). To be entitled to summary judgment under Rule 166a(c), a movant must establish that there is no genuine issue of material fact so that the movant is entitled to judgment as a matter of law. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We take as true all evidence favorable to the nonmovant and resolve any doubt in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable fact finders could, and

---

[13] As discussed above, Diane initially sued PEI and Rhetta, seeking to set aside the deed and for fraudulent transfer. Partnership and Van Jr. then intervened in the lawsuit asserting their interest as the purported grantee of the subject property. Diane added claims against them for conspiracy, but later nonsuited those claims. Their intervention was also struck on Diane's motion; they filed a motion for reconsideration/new trial. A permanent anti-suit injunction was entered against them in the trial court's final judgment, the propriety of which is addressed later in this opinion.

disregarding evidence contrary to the nonmovant unless reasonable fact finders could not. *Mann Frankfort*, 289 S.W.3d at 848.

### 1. The Trial Court Grants Summary Judgment on All Bases

PEI and Rhetta argue that the trial court's summary judgment should be reversed because their evidence conclusively established the grantee's existence. They do not urge an issue concerning Diane's fraudulent transfer claim. Instead, they state that the trial court granted the motion for summary judgment solely on the basis of the declaratory judgment act claim. We disagree.

Diane sought partial summary judgment. By her motion, Diane asked the trial court to set aside the deed and return the subject property to PEI. Diane argued both that (a) PEI failed in its attempt to transfer the subject property because the deed was defective and (b) PEI violated Texas Uniform Fraudulent Transfer Act section 24.005. *See* Tex. Bus. & Com. Code Ann. § 24.005. The trial court granted the motion for partial summary judgment. The trial court did not grant the motion for partial summary judgment *in part*. When it incorporated the summary judgment order into the judgment, the trial court stated: "On January 23, 2012, the Court, after considering the pleadings, the motion, the affidavits, the response of the Defendants, the response of the Interveners, the law, and the facts granted Plaintiff's motion for partial summary judgment against the Defendant Parham Enterprises, Inc."

Nevertheless, PEI and Rhetta urge that the motion was granted in part. They appear to rely upon a single sentence in the summary judgment order as a limit on the grounds for granting. Specifically, the trial court's summary judgment order also stated: "The Grantee, Parham Family Limited Partnership No. 2, was not in existence at the time the deed was executed." However, this is merely a statement of an undisputed fact. The order does not purport to resolve *only* the legal effect of

19

the undisputed fact. Instead, the summary judgment order declares the deed void, which is precisely the relief Diane sought on *both* her declaratory judgment claim and her fraudulent transfer claim. Based upon the plain language of the order, we conclude that the trial court granted Diane's motion for partial summary judgment on both her Declaratory Judgment action and her fraudulent transfer claim.

Further, to the extent that there was any confusion about whether the trial court granted a fraudulent transfer summary judgment,[14] the trial court clarified it when, at the trial on the permanent injunction, the following colloquy occurred:

> Mr. Toups [Partnership/Van Jr.]: Your Honor, you granted a motion for summary judgment on the declaratory judgment.
>
> The Court: They both said yes, I set it aside. So, I'm not sure why we're all on a different page.
>
> Mr. Thomas [Diane]: You declared it void.
>
> The Court: I declared it void. Okay. Same thing, in my mind. When I declared it void, *I considered it in my mind fraudulent* and set it aside, hence, the declaring it void.

(emphasis added).

For PEI and Rhetta to obtain a reversal of the motion for partial summary judgment, they must attack every ground relied on for which summary judgment could have been granted. *See Malooly Bros. Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970). Where an appellant fails to challenge even one of the grounds, the appellate court may affirm the summary judgment on that ground alone. *See Trevino & Assoc. Mech., L.P.*, 400 S.W.3d 139, 144 (Tex. App.—Dallas 2013, no pet.). Although PEI and Rhetta do not include an issue on appeal attacking the trial court's summary judgment on fraudulent conveyance, they argue the merits of the

---

[14] Diane does not appear to have been confused about the order. As PEI and Rhetta point out, Diane did not attempt to try the fraudulent transfer claim to the court or a jury. PEI and Rhetta characterize such failure as waiver. But Diane did not need to submit this claim to the jury; the trial court had already granted her summary judgment on it.

claim in the body of their brief. Therefore, we construe the brief to adequately raise the point.

## 2. Declaratory Judgment

This court has previously stated that "in Texas, a deed is void if the grantee is not in existence at the time the deed is executed." *Lighthouse Church of Cloverleaf v. Tex. Bank*, 889 S.W.2d 595, 600 (Tex. App.—Houston [14th Dist.] 1994, writ denied). Diane attached evidence to her summary judgment motion that established that Parham Partnership No. 2 was not in existence at the time the deed was executed; she provided a certificate from the Texas Secretary of State stating that there was no record of the existence of this entity. As outlined above, PEI and Rhetta do not dispute this point.

Instead, PEI and Rhetta assert that a deed is not void if the grantee exists but receives the deed in an assumed name, citing *Buist v. Connell*. 233 S.W.2d 458, 462 (Tex. Civ. App.—Eastland 1950, writ. ref'd). They contend that "the fact that Partnership directed that the deed be taken in the name of Parham Family Limited Partnership No. 2[] would not void or invalidate the deed under the assumed name statutes of Texas."

In considering grounds for reversal, we are limited to those grounds expressly set forth in the summary-judgment motions, answers, or other responses, and may not rely on the appellate briefs or summary-judgment evidence. *D.M. Diamond Corp. v. Dunbar Armored*, Inc., 124 S.W.3d 655, 659–60 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (op. on reh'g) (citing Tex. R. Civ. P. 166a(c); *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex.1993)). These grounds were not presented to the trial court by PEI or Rhetta. Instead, PEI and Rhetta maintained in the trial court that both the conveyance to "Parham Family Partnership No. 2" and the conveyance of Lot 1, rather than Lot 9, were

21

"clerical errors" that properly could be corrected by a "correction deed" relating back to September 22, 2007. Thus, we may not consider this argument raised for the first time on appeal as a ground for reversing summary judgment.

In sum, Diane presented conclusive evidence that the deed from PEI, dated September 22, 2007, attempted to convey the subject property to a non-existent entity. "[I]n Texas, a deed is void if the grantee is not in existence at the time the deed is executed." *Lighthouse Church of Cloverleaf*, 889 S.W.2d at 600. Accordingly, Diane established as a matter of law that the September 22, 2007 deed was void. The trial court did not err in so declaring.

### 3. *Fraudulent Transfer*

PEI and Rhetta argue that Diane was not entitled to summary judgment on her fraudulent transfer claim because there is a genuine issue of material fact as to both PEI's intent to fraudulently transfer the property and the reasonably equivalent value received for the property. PEI and Rhetta correctly argue that PEI's intent is an element running through several of Diane's theories of fraudulent transfer. For example, section 24.005(a)(1) permits Diane to avoid the transfer if the "debtor made the transfer . . . with actual intent to hinder, delay, or defraud any creditor of the debtor." Tex. Bus. & Com. Code Ann. § 24.005(a)(1). Alternatively, section 24.005(a)(2) permits Diane to avoid the transfer without proving PEI's intent if she establishes that PEI made the transfer without receiving a reasonably equivalent value in exchange for the transfer. Diane sought summary judgment on both subsections (1) and (2).

PEI and Rhetta responded with, *inter alia*, the affidavit of Rhetta. She averred that she was an officer and owner of PEI on September 22, 2007, when PEI made the subject transfer. She further stated that it was her intent to transfer the subject property to Partnership. Rhetta describes the conveyance and the

22

amount paid for the subject property. Finally, Rhetta states that "[t]he sale of the property was done to either hinder, delay or defraud Diane Morgan fka Diane Parham." Thus, Rhetta's affidavit supplies conclusive evidence that she, on behalf of PEI, transferred the subject property with actual intent to hinder, delay, or default Diane as creditor in satisfaction of 24.005(a)(1). With such evidence of intent, the parties' dispute over whether the transferor paid reasonably equivalent value for the property under subsection (2) became immaterial. The trial court properly granted the summary judgment on the alternative basis urged.

We overrule PEI's and Rhetta's first issue.

## C.    Injunctive Relief

In their second issue, PEI and Rhetta assert that the trial court abused its discretion in granting and enforcing a procedurally flawed temporary injunction and continuing it in its final judgment. Partnership and Van Jr. complain in their third issue that the trial court abused its discretion in issuing a "post-trial anti-suit permanent injunction against dismissed non-parties prohibiting them from prosecuting a quiet-title suit for real property." We address each of these issues in turn.

### 1. The Temporary Injunction Against PEI and Rhetta

We review a trial court's decision to grant a temporary injunction for an abuse of discretion. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). A temporary injunction is an extraordinary remedy that does not issue as a matter of right. *Id.* Temporary injunction orders are strictly construed to ensure that they comply with Rule 683 of the Texas Rules of Civil Procedure. *Kaufmann v. Morales*, 93 S.W.3d 650, 653 (Tex. App.—Houston [14th Dist.] 2002, no pet.). An order that does not comply with this rule "is subject to being declared void and

23

dissolved." *Qwest Comm'ns Corp. v. AT&T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000).

First, PEI and Rhetta assert that the temporary injunction issued against them in February 2009 in this case violates Rule 683 by referring to another document, the September 2007 warranty deed, as grounds for issuance and to describe the acts sought to be enjoined. A temporary injunction shall be specific in its terms and shall describe in reasonable detail, not by reference to the complaint or other document, the act or acts to be restrained. Tex. R. Civ. P. 683. The order at issue here does not simply refer to another document; rather, it attaches the deed as an exhibit to the temporary injunction. "Rule 683 is not violated when documents are attached to the injunction and referred to it as part of the injunction because the attachments become part of the injunction itself." *Layton v. Ball*, 396 S.W.3d 747, 753 (Tex. App.—Tyler 2013, no pet.) (citing *Tex. Pet Foods, Inc. v. State*, 529 S.W.2d 820, 829 (Tex. Civ. App.—Waco 1975, writ. ref'd n.r.e.)).

Next, PEI and Rhetta assert that the temporary injunction expired because the order stated it was set for trial on July 15, 2009. As noted above, however, there were numerous trial continuances. Further, at the hearing on Diane's motion for contempt filed against PEI and Rhetta for violation of the temporary injunction, held on October 12, 2011, counsel for PEI and Rhetta never asserted that the temporary injunction was no longer in effect. Instead, counsel asserted that their actions in filing a correction deed did not violate the temporary injunction. In the court's order of contempt against PEI and Rhetta, the trial court stated, "The Temporary Injunction issued by this Court was effective from February 13, 2009 and while this litigation is pending or until further order of this court . . . ."[15] Thus,

---

[15] PEI and Rhetta also complain about the order of contempt, signed October 12, 2011, against them based on their violation of the temporary injunction. However, we lack jurisdiction to address complaints about the contempt order. *See Cadle Co. v. Lobingier*, 50 S.W.3d 662,

PEI and Rhetta have not met their burden, as appellants, to establish that the February 2009 temporary injunction was not still in effect until the trial court entered a judgment on the merits of Diane's claim. *See, e.g.*, *Butnaru*, 84 S.W.3d at 204 (providing that the purpose of a temporary injunction is to preserve the status quo pending a trial on the merits of the litigation's subject matter).[16]

Finally, PEI and Rhetta assert that the trial court erred by continuing the February 2009 temporary injunction in the final judgment of the trial court. We agree with this portion of their issue. As noted above, the purpose of a temporary injunction is to preserve the litigation's subject matter pending a trial on the merits. *Id.* This purpose is not served by continuing a temporary injunction in a final judgment; such a process effectively transforms a temporary injunction into a permanent injunction without a trial. *See EMC Mortgage Corp. v. Jones*, 252 S.W.3d 857, 866 (Tex. App.—Dallas 2008, no pet.) (op. on reh'g); *EOG Resources, Inc. v. Gutierrez*, 75 S.W.3d 50, 53 (Tex. App.—San Antonio 2002, no pet.); *cf. Kaufman*, 93 S.W.3d at 657 ("There are at least two reasons for requiring a trial date on the [temporary injunction] order. One is to prevent the injunction from becoming permanent."). Thus, the trial court erred by continuing the February 2009 temporary injunction in the final judgment.

Accordingly, we sustain this portion of PEI and Rhetta's second issue and modify the trial court's judgment to remove the following language from it:

> The Court issued a Temporary Injunction against the Defendant
> Parham Enterprises, Inc. on February 13, 2009 and restrained the

---

671 (Tex. App.—Fort Worth 2001, pet. denied) ("Decisions in contempt proceedings cannot be reviewed on appeal because contempt orders are not appealable, even when appealed along with a judgment that is appealable."); *see also In re B.A.C.*, 144 S.W.3d 8, 10–12 (Tex. App.—Waco 2004, no pet.) (listing cases).

[16] We note that even if we were to declare the temporary injunction void, the contempt order based upon it is not reviewable by direct appeal. *See supra* note 15.

25

Defendant from deeding, transferring or conveying all or part of the subject property 18610 Tomato Street, Spring, Harris County, Texas 77379 from the date of the Order and while this cause was pending or until further order of the Court. This Temporary Injunction continues against the Defendant until 180 days after all appeals are completed or until further order from this Court.

We overrule this issue to the extent that it involves complaints about the temporary injunction prior to entry of the final judgment and the order of contempt based on it.

## 2. The Permanent Anti-Suit Injunction Against Partnership and Van Jr.

Partnership and Van Jr. assert that the trial court abused its discretion in entering a permanent "post-trial" anti-suit injunction against them because (a) they were no longer parties to the suit, (b) they had a legal right to pursue the action to quiet title in another court, and (c) the anti-suit injunction lacks both a cause of action and evidentiary support.

We begin by noting what is not disputed within this issue. First, Partnership and Van Jr. do not appeal the trial court's order striking their intervention. As such, Partnership and Van, Jr. do not have a justiciable interest in Diane's fraudulent transfer/declaratory judgment action. Second, Partnership and Van Jr. did not file a motion to strike Diane's post-trial, pre-judgment amended petition naming them as intervenors and they do not appeal the trial court's grant of leave to file that petition.

Finally, although Partnership and Van Jr. complain that the court held a trial (against PEI on fees) without their participation, they do not complain that they were without notice or an opportunity to be heard on the anti-suit injunction. To the contrary, Partnership and Van Jr. participated in the hearing on the anti-suit

injunction. Thus, we only address the sufficiency of the evidence to enter the anti-suit injunction.

We review an order granting a permanent injunction for an abuse of discretion. *Operation Rescue-Nat'l v. Planned Parenthood of Houston & Se. Tex., Inc.*, 975 S.W.2d 546, 560 (Tex. 1998). "An anti-suit injunction is appropriate in four instances: (1) to address a threat to the court's jurisdiction; (2) to prevent the evasion of important public policy; (3) to prevent a multiplicity of suits; or (4) to protect a party from vexatious or harassing litigation." *Golden Rule Ins. Co. v. Harper*, 925 S.W.2d 649, 651 (Tex. 1996). Although there are "no precise guidelines" for reviewing an anti-suit injunction, we will uphold an injunction issued to protect a court's dominant jurisdiction where, if the enjoined party were allowed to proceed, the dominant court would lose its ability to proceed with the case. *See, e.g.*, *Owens-Illinois, Inc. v. Webb*, 899 S.W.2d 899, 902 (Tex. App. – Texarkana 1991, no writ).

Diane supported her request for anti-suit injunction with evidence that her suit pertained to title to the subject property, and that she filed the suit prior to Partnership and Van Jr.'s suit to quiet title in the subject property—also a suit pertaining to title. The evidence showed that Diane, a judgment creditor, filed her suit alleging that PEI, a judgment debtor, made a fraudulent conveyance of the subject property. Her pleading sought to set aside "the purported transfer" of the subject property.

At the time of Diane's request for anti-suit injunction, the trial court had already granted an affirmative motion for summary judgment on Diane's claims and declared the September 22, 2007 deed void. The trial court had already held the attempted correction deed of September 22, 2011, void as a violation of the

27

court's injunction. Finally, the trial court determined that Partnership and Van Jr.'s lawsuit regarding the "deed/title to" the subject property is a "mirror lawsuit."

Partnership and Van Jr. offer no argument about how the two suits did not or would not interfere with one another. Partnership and Van Jr. confine their arguments to the impairment of their rights in the subject property. As noted above, however, Partnership and Van Jr. have not appealed the striking of their intervention, and they offer no argument on appeal in support of their rights to the fraudulently transferred property. Given the trial court's unchallenged ruling that Partnership and Van Jr. do not have a justiciable interest in the property, that court had the authority to enjoin them from contending otherwise in the probate court. If Partnership and Van Jr. are implying that Partnership accepted the transfer in good faith and for reasonably equivalent value, as recognized by Texas Uniform Fraudulent Transfer Act section 24.009(a), they neglected to preserve that argument in these proceedings through an appeal of their justiciable interest in the property.[17] *See* Tex. Bus. & Com. Code Ann. § 24.009(1) ("A transfer or obligation is not voidable under Section 24.005(a)(1) of this code against a person who took in good faith and for a reasonably equivalent value or against any subsequent transferee or obligee.")

We therefore conclude that the trial court did not abuse its discretion in entering an anti-suit injunction to protect its jurisdiction over the subject property.

## D. Segregation of Attorney's Fees

In PEI's third issue, it asserts that Diane failed to segregate her attorney's fees. PEI further asserts that the appellate attorney's fees are not conditioned on Diane's prevailing on appeal.

---

[17] We note that Partnership and Van, Jr. have abandoned their claim in the trial court that they were necessary parties to the fraudulent transfer action.

28

A failure to segregate attorney's fees can result in the recovery of no such fees. *Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 389 (Tex. 1997). But if no one objects to a jury charge in which the jury is not asked to segregate fees, then the objection is waived. *Jackson v. LongAgriBusiness, L.L.C.*, No. 14-11-01073-CV, 2013 WL 84921, at *4 (Tex. App.—Houston [14th Dist.] Jan. 8, 2013, no pet.) (mem. op) (citing Tex. R. App. P. 33.1(a); *Solis*, 951 S.W.2d at 389; *Ogden v. Ryals*, No. 14-10-01052-CV, 2012 WL 3016856, at *4 (Tex. App.—Houston [14th Dist.] July 24, 2012, no pet.) (mem. op)). PEI—the only party against whom fees were assessed—made no objection to the jury charge on attorney's fees. Thus, we do not address this portion of its issue. *See id.*

As to the remainder of PEI's third issue, the judgment conditions the award of appellate attorney's fees on PEI's *failure* on appeal:

> In the event of an appeal by the Defendant Parham Enterprises, Inc. to the court of appeals, if the appeal is unsuccessful, Plaintiff Diane Morgan will be further entitled to $25,000.00 as a reasonable attorney's fee; in the event of an appeal by the Defendant Parham Enterprises, Inc. to the Supreme Court of Texas, if the appeal is unsuccessful, Plaintiff Diane Morgan will be further entitled to $15,000.00 as a reasonable attorney's fee.

Such an award is tantamount to conditioning it on Diane's appellate success against PEI; for Diane to succeed on appeal, PEI must fail on its issues.

For the foregoing reasons, we overrule PEI's third issue.

### III. CONCLUSION

In sum, we have concluded that the trial court had subject matter jurisdiction over this case and that Diane had standing to bring her claims. We have accordingly overruled Partnership's and Van Jr.'s first and second issues. We have further determined that the trial court properly granted Diane's partial summary

judgment on all bases; thus we have overruled PEI's and Rhetta's first issue. Further, we have overruled PEI's and Rhetta's third issue regarding segregation of attorney's fees.

The trial court did not abuse its discretion by enforcing the February 13, 2009 temporary injunction against PEI, and we lack jurisdiction to consider that portion of PEI's and Rhetta's complaint regarding the trial court's contempt order. However, the trial court did improperly include this temporary injunction in the final judgment, and we therefore have sustained in part PEI's second issue. We modify the trial court's judgment to remove the language concerning this temporary injunction from the final judgment. Finally, we have concluded that the trial court did not abuse its discretion in entering a permanent anti-suit injunction against Partnership and Van Jr. We thus overruled the third and final issue of Partnership and Van Jr.

We affirm the trial court's judgment as modified.


/s/          Sharon McCally
             Justice

Panel consists of Justices McCally, Busby, and Wise.